IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT L. EMEHISER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-456-C-MHW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN KEMPF, Warden ICI-O, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Petitioner's Motion to Reconsider Appointment of Counsel (Docket No. 19).  Petitioner requests that counsel be appointed to respond to Respondent's arguments that Petitioner's claims are subject to dismissal on statute of limitations and procedural default grounds.  Petitioner also asserts that his case is a mirror-image of *Cox v. Paskett*, CV-04-324-S-BLW, where counsel was appointed to represent Mr. Cox.  The Court notes that the major difference between this case and Mr. Cox's case is that Mr. Cox has been held beyond a 30-year period, and Petitioner in this case has served just over 20 years.  At this time, the Court will not appoint counsel, but may do so at a later date after reviewing Petitioner's response.

Having previewed Respondent's Motion for Summary Dismissal, the Court is inclined to adopt the view that Petitioner's first claim – that he has been held beyond the

ORDER  1

maximum allowable sentence – construed as an *execution of* sentence claim rather than a challenge to Petitioner's conviction or sentence, is not ripe and therefore not subject to dismissal on statute of limitation grounds. *See James v. Wash*, 308 F.3d 162, 168 (2d Cir. 2002) (successive petition context). A claim that his sentence should have been 20 years because Petitioner had a 30-year sentence *and* should have been eligible for 10 years' good-time credit is likely barred by the statute of limitations, because Petitioner knew of the factual predicate of this claim by October 25, 2001, when he was denied parole and passed to his full-term release date of life. According to Respondent's calculation, it appears that Petitioner's federal habeas corpus petition should have been filed on September 22, 2005, at the latest, but the petition was not filed until November 4, 2005.

Similarly, construing Petitioner's first claim as a challenge to his sentence – that Petitioner's true term of imprisonment was 30 years rather than life – the Court is inclined to conclude that it arose on October 25, 2001, when he became aware of the factual predicate of the claim and that it is time-barred.

The Court is also inclined to conclude that Petitioner's second, third, and fourth claims – that his plea was involuntary and unintelligent and that denial of parole is an ex post facto violation – became ripe on October 25, 2001, when he was denied parole, because it was then that the factual predicate of the claims became known. Therefore, these claims also appear untimely.

Petitioner's fifth claim – that destruction of transcripts from his criminal case amounts to an access to the courts violation – became known to him on July 11, 2002,

ORDER  2

during the pendency of his state habeas corpus action, and, therefore that claim appears timely.  However, that claim appears to be procedurally defaulted, because Petitioner did not present it to Idaho Court of Appeals, but tried to present it for the first time to the Idaho Supreme Court.[1]

In response to the Motion to Dismiss, Petitioner should include factual information about whether he filed any Self-Initiated Progress Reports (SIPRs), including the dates and outcomes of each.  Petitioner should provide copies of these documents, if any exist. SIRPs may affect the statute of limitations calculation.  Petitioner should also file an affidavit providing factual information, if any exists, to show that the time period between October 25, 2001, and March 20, 2002, and/or the time period between September 22, 2005, and November 4, 2005 should be equitably tolled (time periods when no state court actions were pending).

In *Pace v. DiGuglielmo*, 125 S.Ct. 1807 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Id*. at 1814.  In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his

---

[1]  If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence (of the sentence), which means that a miscarriage of justice will occur if the claim is not heard in federal court.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986);  *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

ORDER  3

federal Petition in time.  *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations.  *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to next decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations").  *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists.  *Id*. at 777-78.  Petitioner will be provided with an opportunity to show actual innocence regarding his claim that his sentence was intended to be no longer than 20 or 30 years.

The Court is aware that inmates have no access to case law or legal advice. Therefore, the Court performs its own independent research on each issue and does not depend solely upon the briefing of Respondent.  Because statute of limitations and equitable tolling issues are fact-based issues, Petitioner's focus should be providing the Court with all of the facts necessary to makes its decision. For example, Petitioner may wish to contact his former defense attorney, Chuck Lempesis, for an affidavit that would confirm Petitioner's allegations.  Mr. Lempesis's address is 201 West 7th Avenue, Post Falls, ID  83854.  Glen Walker, the former prosecutor, now practices at 702 North 4th

ORDER  4

Street, Ste. 200, Coeur D'Alene, ID  83814, and may also be able to provide an affidavit regarding his knowledge of Petitioner's allegations.

Also pending before the Court is Petitioner's Motion for Release (Docket No. 25). Petitioner's request is premature, and is therefore denied.  If Petitioner believes that his civil rights are being violated by his prison conditions, as described in his Motion, he must address those claims in a civil rights action, not a habeas corpus action.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Reconsider Appointment of Counsel (Docket No. 19) is DENIED without prejudice. Petitioner shall file a response to the Motion for Summary Dismissal no later than **November 30, 2006.**  Petitioner shall include affidavits and other evidence not already a part of the court record with his response.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Release (Docket No. 25) is DENIED.



DATED:   October 4, 2006

_____
Honorable Mikel H. Williams
United States Magistrate Judge

ORDER  5