IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT L. EMEHISER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-456-C-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| KEVIN KEMPF, Warden ICI-O, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Respondent's Motion for Summary Judgment (Docket No. 38), Respondent's Motion to Strike (Docket No. 47), and Petitioner's Motion to Expand Record (Docket No. 50).[1] The parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case, in accordance with 28 U.S.C. § 636(c). (Docket Nos. 7, 9, & 10.) The Court has determined that oral argument is unnecessary, and it shall resolve these matters on the written briefs and record. D. Idaho L. Civil R. 7.1.

Having considered the parties' arguments, and having reviewed the state court record in this case, the Court enters the following Order granting Petitioner's Motion to Expand Record, denying Respondent's Motion to Strike, and granting Respondent's

---

[1] The Court will deem all filings to be timely, and the parties' motions for extension of time shall be granted. (Docket Nos. 45, 48.)

**MEMORANDUM DECISION AND ORDER - 1**

Motion for Summary Judgment on Petitioner's remaining two constitutional claims that (1) the State has improperly calculated his thirty-year sentence as one of life imprisonment, and (2) the State has destroyed certain records.

## BACKGROUND

In 1982, Petitioner was charged with first degree kidnaping, battery, rape, and infamous crime against nature. (State's Lodging A-1.) He eventually agreed to plead guilty to the rape charge, and the State dismissed the three other charges. (State's Lodging A-1, p. 148.)

A transcript of the change of plea hearing was never prepared, and the original stenographic notes have apparently been "purged." (State's Lodging C-1, p. 60.) The written minutes from that hearing, however, reflect that the trial court advised Petitioner that he faced "possible life imprisonment." (State's Lodging A-1, p. 148.) The minutes further indicate that Petitioner informed the trial court, upon questioning, that "other than dismissal of the other three counts and the State's indication that, should the matter proceed to trial, they would seek the death penalty, there have been no promises or threats." (State's Lodging A-1, p. 149.)

On May 6, 1982, the trial court orally pronounced sentence, ordering Petitioner "to serve an indeterminate period not to exceed the remainder of [his] natural life in the Idaho State Penitentiary under the supervision and direction of the Idaho State Board of Corrections." (State's Lodging A-2, p. 151.) Similarly, the written judgment reads that Petitioner was "sentenced to the custody of the Idaho State Board of Corrections, at the

**MEMORANDUM DECISION AND ORDER - 2**

State Penitentiary at Boise, Ada County, Idaho, for an indeterminate period not to exceed the remainder of [his] natural life." (State's Lodging A-1, p. 159.) On direct appeal, the Idaho Court of Appeals reviewed the propriety of this sentence and affirmed the lower court's judgment. (State's Lodging B-3, p. 5.) Petitioner did not seek review by the Idaho Supreme Court. (State's Lodgings B-1-B-4.)

On October 25, 2001, after Petitioner's fourth parole hearing, the Commission of Pardons and Parole (the "Parole Commission") denied parole and passed Petitioner to his full term. (State's Lodging C-2, Exhibit B, pp. 1-2.) This will result in life imprisonment unless the Parole Commission releases Petitioner early after granting a self-initiated progress report or a petition for commutation.

In March 2002, Petitioner submitted a petition for commutation, alleging that he was not actually sentenced to life in prison. Instead, according to him, the trial judge had stated on the record at the sentencing hearing that the "indeterminate period not to exceed [Petitioner's] life" would "run from one year and after one year petitioner may be released or held up to thirty years." (State's Lodging C-2, Exhibit C.) This latter qualifying language does not appear anywhere in the official sentencing transcript or in the written judgment. (State's Lodging C-2, Exhibit C, p. 2.)

Petitioner made essentially this same claim in a petition for writ of habeas corpus filed in state district court. (State's Lodging C-1, pp. 4-17.) In the habeas proceeding, Petitioner also requested the production of various documents and records to prove his claim, including the "Steno-tapes" of all of the hearings in his criminal case. (State's

**MEMORANDUM DECISION AND ORDER - 3**

Lodging C-1, p. 14.)  The State filed a Motion to Dismiss, which the district court granted.  (State's Lodging C-1, p. 18.)  In doing so, the district court concluded that the judgment and sentence "clearly show the term [Petitioner] was sentenced to: an indeterminate term with a maximum of life in prison."  (State's Lodging C-1, p. 87.)  On appeal, Idaho Court of Appeals affirmed, and Petitioner's petition for review in the Idaho Supreme Court was denied.  (State's Lodgings D-1-D-10.)

On October 13, 2005, Petitioner filed the current Petition for Writ of Habeas Corpus in this Court, raising the following five claims: (1) the trial court imposed only a thirty-year sentence, and Petitioner is being held beyond his release date; (2) Petitioner's guilty plea was involuntary because it was induced by the promise of a thirty-year sentence; (3) Petitioner did not have competent counsel and his plea was not knowingly entered because his attorney allegedly advised him that the sentence did not necessarily mean thirty years under the law; (4) the trial court intended that he be released on parole prior to or at the expiration of thirty years, and changing his sentence violates the Eighth and Fourteenth Amendments and the Ex Post Facto Clause; and (5) the alleged destruction of transcripts denies him access to courts and due process of law.

The Court subsequently granted in part and denied in part Respondent's Motion for Summary Dismissal, and the second, third, and fourth claims were dismissed.  (Docket No. 30.)  But the Court concluded that the first claim–if construed solely as a "sentencing claim"–was ripe and properly before the Court, and it determined that the fifth claim would also be heard on the merits.  (Docket No. 30, pp. 20-21.)  The Court

**MEMORANDUM DECISION AND ORDER - 4**

thereafter appointed counsel to represent Petitioner for the remainder of this action.

Respondent has since filed his Answer to the non-dismissed claims and a Motion for Summary Judgment.  Petitioner has filed a response to the Motion, and he has requested the Court to expand the record to include additional material.  Respondent objects to expansion of the record and has moved the Court to strike the new material.

These matters are now ripe for the Court's decision.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure.  *See* Rule 11 of the Rules Governing Section 2254 Cases.  Under Rule 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  *Id*.  In general, summary judgment is not inconsistent with habeas practice and procedure, *see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment in a habeas case must be reviewed in light of the substantive provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires a federal court to defer to reasonable state court adjudications on the merits of properly exhausted constitutional claims.  Accordingly, an application for writ of habeas corpus shall not be granted unless the state court's

**MEMORANDUM DECISION AND ORDER - 5**

adjudication of a claim either:

>   1.   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   2.   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)&(2).

For a state court decision to be "contrary to" federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause of § 2254(d)(1), the state court must have been "unreasonable in applying the governing legal principle to the facts of the case." *Id*. at 413.  A federal court cannot grant relief simply because it concludes in its independent judgment that the state court decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Section 2254(d)(2) is applicable to a review of a state court's factual findings. Under that subsection, the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in

**MEMORANDUM DECISION AND ORDER - 6**

the State court proceeding." *Id.* In addition, all state court findings of fact shall be presumed to be correct unless the petitioner can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A petitioner is not entitled to present new evidence in federal court, either through expansion of the record under Rule 7 of the Rules Governing Section 2254 Cases or at an evidentiary hearing, if he "failed to develop the factual basis" for the claim in state court. 28 U.S.C. § 2254(e)(2); *Holland v. Jackson*, 542 U.S. 649, 652 (2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). However, this statutory limitation applies only if the federal court first concludes that the petitioner was at fault for not developing the facts. *Williams v. Taylor*, 529 U.S. 420, 436 (2000). The resolution of that issue turns on whether the petitioner or his counsel acted with reasonable diligence, which "depends upon whether the [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims." *Id.* at 431.

**MEMORANDUM DECISION AND ORDER - 7**

## DISCUSSION

### Expansion of the Record

Petitioner seeks to support his claims with affidavits and other materials that were not offered in state court. After reviewing the record, this Court agrees with Petitioner that he was reasonably diligent in attempting to develop evidence in state court and that 28 U.S.C. § 2254(e)(2) will not be a barrier to presenting the new evidence here. Therefore, the Court will grant Petitioner's Motion to Expand Record and deny Respondent's Motion to Strike.

### First Claim:  The Length of Petitioner's Sentence

The Court has allowed Petitioner to proceed with his first claim to the extent that he alleges that he was sentenced to a thirty-year indeterminate term. This claim must be distinguished from Petitioner's other claims that he did not enter a knowing and voluntary guilty plea, and that his counsel was constitutionally ineffective, because he was informed that a life sentence meant no more than thirty years. Those claims were not properly exhausted, are now procedurally defaulted, and have since been dismissed in this proceeding. The relevant issue is the nature of the sentence that was actually imposed, not what Petitioner understood his potential sentencing exposure to be when he pled guilty.

Petitioner's legal theory seems to be a variation of a similar argument that other Idaho prisoners have made recently, in which they claim that because an indeterminate life sentence was once considered to be thirty years for purposes of calculating *parole*

**MEMORANDUM DECISION AND ORDER - 8**

*eligibility*, it should be considered thirty years for purposes of *release* from prison. *See, e.g.*, *Cox v. Paskett*, CV-04-324-S-BLW; *Hood v. Jones*, CV-07-539-C-EJL; *Whitcomb v. Guyer*, CV-08-235-C-EJL. That argument has its roots in old cases such as *King v. State*, 456 P.2d 254 (Idaho 1969), where the Idaho Supreme Court noted that "sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences." *Id.* at 260.

Thus, in *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the defendant argued that prior case law supported the view that a prisoner with a fixed life sentence was eligible to be released from prison after serving thirty years. In rejecting that argument, the Idaho Court of Appeals stated:

> The uncertainty on this point may arise from language in several Idaho Supreme Court decisions concerning indeterminate sentences, stating that for the purpose of determining parole eligibility, any sentence beyond thirty years is an effective life sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State v. Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds, State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release-outright or on parole-after thirty years. We believe this view is incorrect.

*Id.* at 243.[2]

In Petitioner's case, the Idaho Court of Appeals followed this same path and turned aside his contention that his indeterminate life sentence must be treated as no more than a thirty-year term under state law, concluding that this "is true only with regard to the date

---

[2] The Idaho Court of Appeals' decision was later overruled on other grounds by the Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984).

**MEMORANDUM DECISION AND ORDER - 9**

of eligibility for parole consideration, but not as a measurement of the indeterminate time he was committed to the custody of the Board of Correction." (State's Lodging D-3, p. 4) (citing *Wilson*).  The Court of Appeals recently reiterated this opinion more strongly in a different case, holding that "under Idaho law, a life sentence is not and never has been a thirty-year sentence, nor is there any 'custom and usage' making it so." *State v. Murphy*, 158 P.3d 315, 316 (Idaho Ct. App. 2007) (citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993)).  This is a question of state law, and federal habeas relief is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Because Petitioner cannot prevail on a theory that an indeterminate life sentence under Idaho law meant that he would serve no more than thirty years, the success of his constitutional claim hinges on the factual issue of whether the trial judge actually sentenced him to a shorter term.  In other words, if Petitioner was sentenced to a maximum of life imprisonment, then he has no federal due process claim that he is being held beyond his release date or that the Department of Correction is otherwise miscalculating his sentence.

In addressing this issue, the Idaho Court of Appeals found, as a factual matter, that Petitioner was "simply wrong" about his sentence and that the trial court had sentenced him "to the custody of the Board of Correction for a period that will last as long as the

**MEMORANDUM DECISION AND ORDER - 10**

balance of his lifetime ... " (State's Lodging D-3, p. 3.) Petitioner cannot establish that this decision is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). Both the sentencing hearing transcript and the written judgment clearly indicate that Petitioner was sentenced "for an indeterminate period not to exceed the remainder of [his] natural life." (State's Lodging A-1, p. 159; A-2, p. 151.) This means that the State has the authority to keep Petitioner incarcerated *until* his death, subject to the Parole Commission's discretion to release him before then.

    Petitioner appears to acknowledge that his only chance for relief is to impeach or supplement the official record with extrinsic evidence. To that end, he contends in a sworn affidavit that the trial judge informed him at the change of plea hearing, which has never been transcribed, that he "could not serve more than thirty years." (July 15, 2008 Affidavit of Robert Larry Emehiser at ¶¶ 5.) He asserts that the sentencing transcript omits the judge's statement that "your sentence is to run from one year and after one year they may release you or keep you up to thirty years." (Emehiser Aff. at ¶ 6.) In addition to his own affidavits, Petitioner has also submitted an affidavit from Ida Leggett, who served both as a member of the Idaho Parole Commission and, later, as a state court trial judge. Judge Leggett asserts that, "it was my understanding that an 'indeterminate life' sentence meant a thirty year sentence, with eligibility for parole prior to thirty years; and that a 'fixed life' sentence meant that an inmate would serve life, without any eligibility of parole." (Affidavit of Ida Leggett at ¶ 5.)

**MEMORANDUM DECISION AND ORDER - 11**

The Court has reviewed this evidence and concludes that it does not clearly and convincingly rebut the state court's factual finding that Petitioner's maximum sentence was life in prison. *See* 28 U.S.C. § 2254(e)(1).

Many of Petitioner's own assertions simply lack credibility. In particular, his claim that the trial judge declared that his sentence would run from one to thirty years is completely unsupported by anything in the record. Not only is it implausible that the court reporter would have failed to include such a critical statement in the sentencing transcript, the omission of this language from the written judgment is further evidence that the statement was not made. It would have also been incorrect as a matter of law; because Petitioner was given an indeterminate sentence not to exceed his natural life, he would not have been eligible for parole until he had served at least ten years. *King v. State*, 456 P.2d 254, 260 (Idaho 1969) (holding that any sentence longer than thirty years must be treated as a life sentence, for which parole is possible only after serving ten years). It is also inconsistent with Petitioner's claim that his counsel told him that an "'indeterminate life sentence' meant thirty years with a parole eligibility *after ten years*." (July 15, 2008 Affidavit of Robert Larry Emehiser at ¶¶ 3, 4.) (Emphasis added.)

Perhaps more important is the absence of any reliable corroborating evidence from a non-interested source tending to show that the trial judge pronounced an indeterminate thirty-year term. It is true that Petitioner's mother has claimed that she believes that the judge declared that thirty years was the maximum possible sentence, but this evidence has obvious bias and reliability issues. (Docket No. 28-2, Exhibit D). And although the

**MEMORANDUM DECISION AND ORDER - 12**

affidavit of former Judge Leggett may tend to show her erroneous belief about the length of an indeterminate life sentence at the time, she was not the judge in Petitioner's case, and the tendency of this evidence to prove the nature of his sentence is minimal.

Accordingly, the record is clear that the trial judge in this case did not labor under a misunderstanding about the possible length of an indeterminate life sentence or actually impose a shorter sentence on Petitioner. Nor is this Court persuaded that an evidentiary hearing is necessary so that Petitioner can present live testimony to prove the contrary. The United States Supreme Court has held, consistent with the principles of comity and finality that support AEDPA, that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 127 S.Ct. 1933,1940 (2007). The Ninth Circuit has likewise noted that evidentiary hearings "are unnecessary where the allegations are said to be incredible in light of the record, or, which is much the same thing, when the record already before the court is said to establish a fact conclusively." *Perez v. Rosario*, 459 F.3d 943, 950-51 (9th Cir. 2006) (citing *Davis v. Woodford*, 384 F.3d 628, 644, 646-47 (9th Cir. 2004); *see also Totten v. Merkle*, 137 F.3d 1172, 1176 (1998) (holding that a hearing "is not required on issues that can be resolved by reference to the state court record"). This is one of those cases; because Petitioner's evidentiary proffer is either facially not credible in light of the state court record or is otherwise minimally probative to the precise issue remaining before the Court, his request for an evidentiary hearing is

**MEMORANDUM DECISION AND ORDER - 13**

denied.[3]

For these reasons, Respondent is entitled to judgment as a matter of law on this claim.

**Fifth Claim:  Destruction of Court Records**

In his fifth claim, Petitioner contends that the destruction of certain records violated his constitutional rights.  The primary focus of this claim is that the state district court clerk's failure to preserve the shorthand notes of the change of plea hearing and the supposed failure of the court reporter to transcribe the judge's full comments at the sentencing hearing deprived Petitioner of an opportunity to prove the true nature of his sentence.

While the United States Supreme Court has held that an indigent defendant "must be afforded as adequate appellate review as defendants who have money enough to buy transcripts," *Griffin v. Illinois*, 351 U.S. 12, 15 (1956), this rule does not translate automatically into a complete verbatim transcript, as long as the State affords the defendant a "record of sufficient completeness" to permit proper consideration of his claims.  *Draper v. Washington*, 372 U.S. 487, 496 (1963).

On direct appeal, Petitioner challenged the trial court's decision to consider certain evidence at the sentencing hearing, and he argued that the imposition of an indeterminate

---

[3] For instance, while there may be some ambiguity in the record about whether Petitioner's *trial counsel* fully understood the nature of a possible "life" sentence, *see* State's Lodging A-2, pp. 134, 138 (arguing against a sentence of "thirty years"), the issue remaining before this Court is not what counsel, or even Petitioner, believed but what the *judge* actually imposed.  There is no ambiguity on that point.

**MEMORANDUM DECISION AND ORDER - 14**

life sentence was excessive. (State's Lodging B-2, p. 21.) He was provided with record on appeal that included all of the written filings in district court and a verbatim copy of the sentencing transcript. This was a record of sufficient completeness to permit proper consideration of the claims that he chose to raise. *Draper*, 372 U.S. at 496. He was not deprived of due process or equal protection during that proceeding.

It was not until over fifteen years had passed that Petitioner first sought a transcript of the change of plea hearing. By then, the notes had been purged. (State's Lodging C-1, p. 60.) Petitioner has cited no precedent to support the principle that one retains a constitutional right to the production of a new transcript years after the direct appeal has concluded in order to press a claim in a collateral proceeding. Such a proposition would be dubious, as claims of error during a state's post-conviction process are not cognizable on federal habeas review. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

Nevertheless, Petitioner contends that the failure of the court clerk to retain parts of the record violated Idaho Court Administrative Rule 38(b), which states that "[n]otwithstanding any provision of this rule, no court record, excluding exhibits, pertaining to a criminal conviction ... may be destroyed while the defendant is incarcerated or being held in any state or county institution in connection with the conviction to which the records pertain." *Id*. He suggests that this rule creates a liberty interest in the retention of court records, but the Court is aware of no authority that constitutionalizes a state's administrative rules for compiling or retaining items in a

**MEMORANDUM DECISION AND ORDER - 15**

record, short of the rules announced in *Griffin*, *Draper*, and their progeny.[4]

Respondent is entitled to judgment as a matter of law on the fifth claim. Respondent's Motion for Summary Judgment shall be granted, and because no claims remain to be adjudicated in this matter, this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Extension of Time (Docket No. 45) and Petitioner's Motion for Extension of Time (Docket No. 48) are GRANTED. All filings shall be deemed timely.

IT IS FURTHER ORDERED that Petitioner's Motion to Expand Record (Docket No. 50) is GRANTED.

IT IS FURTHER ORDERED that Respondent's Motion to Strike (Docket No. 47) is DENIED.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Judgment (Docket No. 38) is GRANTED. This case shall be dismissed with prejudice.

---

[4] State officials also have a duty to retain or disclose exculpatory evidence, but there is no suggestion here that officials have destroyed or altered any exculpatory evidence or any part of the record in bad faith. *Cf. Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (holding that when state officials destroy potentially exculpatory evidence, a due process claim will arise only when the evidence was destroyed in bad faith).

**MEMORANDUM DECISION AND ORDER - 16**



DATED: **March 24, 2009**

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 17**